UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DENNIS J. STEWART,<br>    Plaintiff, | Case No. 1:21-cv-124 |
| vs. | Black, J.<br>Bowman, M.J. |
| LEBANON CORRECTIONAL<br>MEDICAL STAFF,<br>    Defendant. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, an inmate at the Southern Ohio Correctional Facility, brings this action under 42 U.S.C. § 1983 against defendant Lebanon Correctional Medical Staff.

This matter is now before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In the complaint, plaintiff alleges that he was bit in the hand by another inmate during a physical confrontation on June 19, 2019 while at the Lebanon Correctional Institution (LeCI). (Doc. 1 at PageID 5; Doc. 4 at PageID 16-17). According to plaintiff, although the incident resulted in a nasty wound, infection, and pain, he was denied medical attention by the LeCI medical staff for eight days. Plaintiff claims that on June 27, 2019 he was seen by a doctor at the Franklin Medical Center, who informed him that if plaintiff was seen earlier he could have avoided the infection and permanent damage to the finger. Plaintiff claims that he is no longer able to bend his finger.

As relief, plaintiff seeks monetary damages. (Doc. 4 at PageID 16).

The complaint is subject to dismissal for failure to state a claim upon which relief may

be granted.   As noted above, plaintiff names the Lebanon Correctional Medical Staff as a defendant to this action and does not name any individual responsible for his medical care. Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."   42 U.S.C. § 1983.   A prison medical staff is not a "person" subject to suit under § 1983.   See *Hix v. Tenn. Dept. of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006); *Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, at *1 (6th Cir. 2016).   Therefore, plaintiff has failed to state an actionable claim against the Lebanon Correctional Medical Staff.

Accordingly, because plaintiff has failed to state an actionable claim against the named defendant, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS THEREFORE RECOMMENDED THAT:**

1.   The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2.   The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.   See *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

   *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DENNIS J. STEWART,
    Plaintiff,

vs.

LEBANON CORRECTIONAL
MEDICAL STAFF,
    Defendant.

Case No. 1:21-cv-124

Black, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).